IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. BUCKSHAW, ) | |
| ) | Civil Action No. 12 – 300 |
| Petitioner, ) | |
| ) | District Judge Cathy Bissoon |
| v. ) | Chief Magistrate Judge Lisa Pup Lenihan |
| ) | |
| ATTORNEY GENERAL OF ) | |
| PENNSYLVANIA and DISTRICT ) | ECF No. 17 |
| JUSTICE MAGISTRATE, 05-2-27, ) | |
| *Allegheny County, Pennsylvania*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Respondents' Motion to Dismiss (ECF No. 17) be granted, that the Amended and Supplemental Amended Petitions for Writ of Habeas Corpus be dismissed for lack of jurisdiction, that a certificate of appealability be denied, and that this case be closed.

**II.    REPORT**

John J. Buckshaw (hereinafter referred to as "Petitioner") initiated this action on March 12, 2012, by filing a *pro se* Petition for Writ of Habeas Corpus titled "Action De Die in Diem-Carpe Diem." (ECF No. 1.) The Clerk's Office was directed to mail Petitioner the correct forms so that he could file a proper habeas petition. In the notification, this Court informed Petitioner that he had until April 2, 2012, to file an amended petition setting forth his grounds for federal habeas relief. (ECF No. 2.) He was then granted an extension until April 16, 2012, to comply

1

with the Court's order (Text Order dated April 2, 2012) and then a final extension until June 25, 2012 (ECF No. 7). In response, Petitioner has filed an Amended Petition for Writ of Habeas Corpus (ECF No. 9) and a Supplemental Amended Petition for Writ of Habeas Corpus (ECF No. 10). Respondents have answered the Petitions by filing a Motion to Dismiss (ECF No. 17) and Petitioner has responded in opposition (ECF No. 20).

Petitioner's claims stem from an incident that occurred on November 19, 1995, between himself and a police officer from the University of Pittsburgh Police Department. Specifically, the police report reads as follows:

> On Sunday 11-19-95 at 20:10 hours, I Officer R. Lamb and Officer K. Gaus were in the mini station. A man, identified as John J. Buckshaw, came in to the station to ask a question. Buckshaw told me he was stopped a few weeks ago by Officer Pampena. Officer Pampena, according to Buckshaw, told Buckshaw he was not permitted in University of Pittsburgh buildings. Buckshaw wanted to know if he could go into the law school library. I advised Buckshaw that since there was no report written by Officer Pampena, he could use the library. I also advised him, though, that if he went in any other part of the law, he could be arrested since he has no affiliation with Pitt. Buckshaw became upset with my answer. He turned, started out the door, and shouted "Go Fuck Yourself." This language caused pedestrians waiting at the bus stop outside to look-on in alarm. I stopped Buckshaw at that time and cited him for disorderly conduct. After a warrant check proved negative, I gave Buckshaw his citation copy and sent him on his way, with a warning to stay off university property.

(ECF No. 17-1 at 1, University of Pittsburgh Police Report). After a summary trial, Petitioner was found guilty of the summary offense of Disorderly Conduct on January 17, 1996, and he was ordered to pay a $375 fine as his sentence. (ECF No. 17-1 at 3-5, Docket No. NT-0000661-95). According to Respondents, the District Magistrate's Office has not received any payment towards the fine Petitioner was ordered to pay and there remains an active arrest warrant for his failure to appear at a payment determination hearing.

2

Over the seventeen-years since his summary trial, Petitioner has filed numerous motions, letters, petitions and complaints to various courts, entities and individuals seeking relief from the active arrest warrant and the payment of his $375 fine. Respondent has painstakingly set out an extensive procedural history of Petitioner's filings over the many years but it will not be recounted herein so as to maintain judicial efficiency. Instead, the undersigned will simply recommend dismissal of this action based on lack of subject matter jurisdiction because Petitioner is not and was not "in custody" pursuant to 28 U.S.C. § 2254 at the time he filed his habeas petition.

In this regard, 28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). *See also* id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted). *See also* Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)).

Because Petitioner was not "in custody" within the meaning of the habeas statute at the time he filed his Petition for Writ of Habeas Corpus, *see* Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), and his fine-only conviction "is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes," Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) (citing Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997) and Tinder v. Paula, 725 F.2d 801, 804 (1st Cir. 1984)), this action must be dismissed for lack of subject matter jurisdiction.

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the habeas petition should be dismissed for lack of jurisdiction. Accordingly, a certificate of appealability should also be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss (ECF No. 17) be granted, that the Amended and Supplemental Amended Petitions for Writ of Habeas Corpus be dismissed for lack of jurisdiction, that a certificate of appealability be denied, and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 15, 2013.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: John J. Buckshaw
Post Office Box 18704
Washington, DC 20036
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*